UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MLUXE WILLIAMSBURG, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:25-cv-00002 |
| HISCOX INSURANCE COMPANY, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Hiscox Insurance Company ("Hiscox")'s Motion to Dismiss for failure to state a claim. Doc. [9]. Plaintiff MLuxe Williamsburg, LLC, has filed its Opposition, Doc. [16], and Hiscox filed its Reply in Support, Doc. [17]. In addition, the Court previously ordered Plaintiff to serve or file proof of service with respect to Defendant E&W Enterprises, LLC, ("E&W") pursuant to Federal Rule of Civil Procedure 4(m). Doc. [19]. In the meantime, no proof of service has been filed and the time for doing so has elapsed. Lastly, the Court notes that Plaintiff's counsel has moved to withdraw from this action. Doc. [18]. No other attorney has entered his or her appearance on behalf of Plaintiff. For the reasons that follow, the Court will dismiss this action without prejudice.

*

This matter arises out of an insurance dispute. Plaintiff, the operator of a massage-spa franchise, entered into a commercial insurance agreement with Hiscox that provided

coverage from July 25, 2019, to July 25, 2020.  Doc. [5] 1–5.  On or about June 03, 2019, a customer alleged that one of Plaintiff's employees engaged in tortious conduct, and the customer eventually filed suit based on those allegations.  *Id.* ¶ 6.  Plaintiff made an insurance claim related to the incident, and Hiscox denied coverage.  *Id.* ¶ 8.  According to the insurance agreement, Plaintiff was obligated to give Hiscox written notice of any claim "no later than 60 days after the end of the policy period."  Doc. [5-1] at 10.  In a letter denying Plaintiff's claim, Hiscox explained that Plaintiff first reported the claim to Hiscox "on or about October 27, 2020 (94 days after policy expiration), [and therefore] the insuring agreement [was] not triggered and coverage under the Professional Liability Coverage Part [was] unfortunately precluded."  Doc. [5] ¶ 10.  Plaintiff brings this action asserting that "Hiscox's erroneous and vexatious refusal to provide coverage under the applicable policy, without cause or excuse, has cost Plaintiff significantly."  *Id.* ¶ 12.

Hiscox moves to dismiss this action for failure to state a claim.  Doc. [9]; Fed. R. Civ. P. 12(b)(6).  Hiscox argues that Plaintiff's Complaint is deficient as to its vexatious-refusal claim because Plaintiff fails to allege that it satisfied its obligations under the applicable insurance agreement.  More specifically, the insurance agreement required Plaintiff to notify Hiscox of its claim before September 23, 2020, and according to the Complaint, Plaintiff did not do so.  Doc. [10] at 5–6.  Because the insurance coverage was never triggered by timely notice, Hiscox argues that its refusal to pay cannot be considered vexatious under the facts alleged, and therefore, Plaintiff has failed to state a claim upon which relief can be granted.  *Id.*  In response, Plaintiff asserts that Hiscox has misunderstood the allegations in the Complaint.  Plaintiff acknowledges that its Complaint

quotes the explanation Hiscox gave when it denied the insurance claim, *see* Doc. [5] ¶¶ 9–10, but according to Plaintiff, Hiscox's Motion "erroneously takes [the] quotation of Hiscox's words as Plaintiff's agreement with such words." Doc. [16] at 3. Moreover, according to Plaintiff, its allegation that it "made an insurance claim with Hiscox," Doc. [5] ¶ 8, must be interpreted to mean that it made a *timely* insurance claim, because a vexatious-refusal cause of action "requir[es] allegations of a claim having been timely made," Doc. [16] at 3. The Court finds Hiscox's Motion well taken and will grant it.

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Arthur v. Medtronic, Inc.*, 123 F. Supp. 3d 1145, 1148 (E.D. Mo. 2015) (citing Fed. R. Civ. P. 12(b)(6)). To withstand Hiscox's Motion, Plaintiff's Complaint "must contain sufficient factual matter, which, when accepted as true and viewed in the light most favorable to the nonmoving party, states 'a claim to relief that is plausible on its face.'" *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A vexatious-refusal claim ultimately requires Plaintiff to "prove: (1) the existence of the insurance policy; (2) the insurance company's refusal to pay; and (3) such refusal was without reasonable cause or excuse." *Minden v. Atain Specialty Ins. Co.*, 788 F.3d 750, 756 (8th Cir. 2015) (applying Missouri law).[1] Therefore, the question before the Court is whether Plaintiff has alleged

---

[1] Unless the parties dispute the matter, the Court applies the substantive law of Missouri by default. *See BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003) (citing *R.E. Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426 (7th

"sufficient factual matter" in its Complaint to state a vexatious-refusal claim "that is plausible on its face." *Arseneau*, 110 F.4th at 1118.

The Court concludes that the answer is "no."  As explained above, a vexatious-refusal claim requires the insurer's refusal to be "without reasonable cause or excuse." *Minden*, 788 F.3d at 756.  This element requires Plaintiff to show that it "upheld [its] end of the bargain" as set forth in the insurance agreement.  *Harris v. Safeco Ins. Co. of Ill.*, 4:24-cv-01084-SRC, 2025 WL 1078589, at *3 (E.D. Mo. Apr. 10, 2025).  Failing to allege as much in the complaint "provide[s] grounds for dismissal" under Rule 12(b)(6).  *Id.*  For most litigants, however, this is a rather low hurdle to clear because Rule 9(c) permits parties to "allege generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P. 9(c).  In other words, a simple, catch-all allegation that a litigant complied with its contractual obligations would satisfy the pleading requirement in this regard.[2]  *See Harris*, 2025 WL 1078589, at *3 (finding plaintiff's general allegation under Rule 9(c) sufficient to withstand defendant's motion to dismiss).

But even this obstacle, such as it is, has caused Plaintiff to stumble.  Plaintiff's Complaint contains no allegation—general or otherwise—that Plaintiff complied with its obligations under the insurance contract at issue.  Plaintiff's bare allegation that it made an insurance claim, which Hiscox subsequently denied, is insufficient because it fails "to raise [Plaintiff's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The

---

Cir. 1991) ("[W]hen neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits.")).

[2] Of course, even general allegations in a complaint are subject to the strictures of Federal Rule of Civil Procedure 11(b).

- 4 -

Court will not interpret Plaintiff's allegation that it "made an insurance claim" to mean that Plaintiff "made a *timely* insurance claim;" doing so would require the Court to invent an allegation that Plaintiff did not care to assert. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . need not conjure up unpled allegations to save a complaint." (internal quotations omitted)).  The Court will therefore grant Hiscox's Motion to Dismiss.

In the usual case, the above pleading error would "not [be] fatal at this stage of the proceedings," and the Court would ordinarily dismiss Plaintiff's Complaint and set a deadline requiring Plaintiff to file an amended complaint to cure the deficiency. *See, e.g.*, *Acuity v. Mid-Am. Piping, Inc.*, 4:07-cv-00829-HEA, 2007 WL 2684246, at *2 (E.D. Mo. Sept. 7, 2007) (granting plaintiff leave to file an amended complaint after failing to allege the performance of conditions precedent).  But there are special circumstances here.  Given E&W's status as an unserved Defendant who must be dismissed without prejudice, *see* Fed. R. Civ. P. 4(m), Plaintiff's counsel's pending Motion to Withdraw as counsel of record, and the fact that no attorney has entered to represent Plaintiff in this matter going forward, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (acknowledging the longstanding rule that corporate entities "may appear in the federal courts only through licensed counsel"), the Court finds that the better course is to dismiss this entire matter without prejudice.  Doing so will conserve judicial resources, allow Plaintiff sufficient time to find and retain new counsel, preserve Plaintiff's ability to file a new complaint that sufficiently states a claim upon which relief can be granted, and give Plaintiff another opportunity to adequately serve *all* the defendants named therein.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice as to Defendant E&W Enterprises, LLC.  *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Defendant Hiscox's Motion to Dismiss, Doc. [9], is **GRANTED**.  A separate Order of Dismissal without prejudice will be entered herewith.

**IT IS FINALLY ORDERED** that Plaintiff counsel's Motion to Withdraw, Doc. [18], is **DENIED** as moot.

Dated this 22nd day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE